# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-40562
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jonathan Lamar Simpson,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-120-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.
Per Curiam:*

A jury convicted Jonathan Lamar Simpson of possession of a firearm and ammunition by a convicted felon. The district court sentenced him to 120 months of imprisonment, which was a departure or, alternatively, an upward variance from the guidelines range. On appeal, Simpson argues that (1) his trial counsel was ineffective, (2) the district court erroneously denied

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his motion to suppress evidence, and (3) his sentence is unreasonable. The record is not sufficiently developed to allow us to make a fair evaluation of Simpson's claims of ineffective assistance of counsel; we therefore decline to consider the claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Regarding the motion to suppress, Simpson argues that the arresting officers lacked probable cause to search the vehicle he had just parked. Assuming without deciding that trial counsel did not waive this issue, "[we] review[] factual findings for clear error and the ultimate constitutionality of law enforcement action de novo." *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). We view the evidence in the light most favorable to the prevailing party, and "the clearly erroneous standard is particularly strong" where the district court's ruling is based on live oral testimony. *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted). We will uphold a district court's ruling on a motion to suppress "if there is any reasonable view of the evidence to support it." *United States v. Massi*, 761 F.3d 512, 520 (5th Cir. 2014) (internal quotation marks and citation omitted).

Under the "automobile exception," if law enforcement officials have probable cause to believe that a vehicle contains contraband, a warrantless search is permitted. *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006). Probable cause is determined by examining the totality of the circumstances. *Id.* A showing of probable cause requires only a "fair probability" on which a "reasonable and prudent" person would believe that contraband or evidence of a crime is present. *Florida v. Harris*, 568 U.S. 237, 243-44 (2013) (internal quotation marks, brackets, and citations omitted; quotes at 244).

Contrary to Simpson's contention, the district court accurately characterized an officer's testimony that he detected the odor of marijuana

coming from Simpson's person when he opened the door to the vehicle and brought Simpson to the ground. Moreover, the district court did not clearly err in determining that the officer's testimony was credible. *See Gibbs*, 421 F.3d at 357. Further, Simpson fails to show error in the district court's determination that the officers' knowledge of the facts—many of which Simpson does not address in his brief—in their totality supplied the requisite probable cause. *See Fields*, 456 F.3d at 523.

As for Simpson's challenge to his sentence, the record does not support his assertion that the district court mistakenly believed that an amendment to the sentencing guidelines, had it been effective at the time of his sentencing, would not apply to him. Moreover, the district court was not required to apply the guidelines amendment prior to its effective date. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). Simpson fails to show that the district court miscalculated his guidelines range or otherwise committed a significant procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Simpson also generally argues that his guidelines range adequately accounted for the sentencing factors and that the evidence failed to support the district court's sentence as an upward variance. However, a "district court is free to conclude that the applicable [g]uidelines range gives too much or too little weight to one or more factors, and may adjust the sentence accordingly." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (internal quotation marks and citation omitted). Simpson's conclusory arguments do not demonstrate that the district court failed to consider a factor that should have received significant weight, gave significant weight to an improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013).

AFFIRMED.